UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9872 PA (SKx) | Date | February 18, 2025 |
|---|---|---|---|
| Title | Melanie Middien v. John Gilligan, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Plaintiff Melanie Middien ("Plaintiff"), appearing pro se, filed this action on November 15, 2024. The action is alleged to involve claims concerning real property that Plaintiff owned with her ex-husband, claims under the Fair Debt Collection Practices Act and other related claims asserted against defendants, including attorneys John Gilligan and the law firm Gilligan, Frisco and Trutanich, LLP, who represented her ex-husband in prior litigation in the Los Angeles Superior Court, and three title company defendants (First American Title Company, First American Trustee Servicing Solutions, LLC and, Kenneth DeGiorgio ("Title Defendants")), who allegedly conducted a foreclosure sale on the property at issue.[1]

On January 9, 2025, Plaintiff filed a document entitled "Proof of Service" ("POS") as to one defendant, Gilligan, Frisco and Trutanich, LLP. (Docket No. 19.) The POS purports to serve the summons, but does not mention the Complaint. Nor does the POS specify exactly how Gilligan, Frisco and Trutanich, LLP was served. (Id.) There are no other proofs of service filed for the other named defendants – John Gilligan and the Title Defendants – in this matter. The Title Defendants, however, have appeared and requested additional time to respond to the Complaint. (Docket No. 24.) The Court granted that request, and the Title Defendants' answer is now due March 20, 2025. (Docket No. 25.)

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). As explained above, it appears that this time period has not been met as to defendants John Gilligan, Gilligan, Frisco & Trutanich, LLP (and its predecessor, Brandmeyer, Gilligan & Dockstader, LLP). Accordingly, the Court orders Plaintiff to show why

---

[1] The Complaint also names another law firm Brandmeyer, Gilligan & Dockstader, LLP, but alleges that this firm was the predecessor to the other named law firm defendant, Gilligan, Frisco & Trutanich, LLP. (Complaint ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9872 PA (SKx) | Date | February 18, 2025 |
|---|---|---|---|
| Title | Melanie Middien v. John Gilligan, et al. | | |

Plaintiff's claims against John Gilligan and Gilligan, Frisco & Trutanich, LLP should not be dismissed for lack of prosecution on or before March 7, 2025. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument. The Order to Show Cause will stand submitted upon the filing of Plaintiff's response. Failure to respond to this Order to Show Cause may result in the imposition of sanctions, including but not limited to dismissal of the Complaint.

Lastly, Plaintiff filed an Application to electronically file documents in this case on January 9, 2025. (Docket No. 17.) The Court granted Plaintiff's Application on January 10, 2025, and ordered Plaintiff to register to use the Courts' CM/ECF filing system within five days of service of that order pursuant to Local Rule 5-4.1.1. (Docket No. 20.) According to the clerk's office, Plaintiff has not yet registered to use the CM/ECF system, and is therefore not in compliance with the Court's Order or the Local Rules. The Court reminds Plaintiff that she needs to register as specified in Docket No. 20, and that moving forward, Plaintiff needs to ensure that she complies with all of the Court's Orders and the Local Rules.

IT IS SO ORDERED.